UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARC BARRETT,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

No. 3:11cv1121 (SRU)

## RULING ON MOTION FOR RECONSIDERATION

On July 5, 2011, Marc Barrett ("Barrett" or "the petitioner"), acting *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (doc. # 1), challenging the legality of the sentence imposed on him over two and a half years earlier on September 30, 2008. On October 13, 2011, I ordered that Barrett show cause within thirty days why the motion should not be dismissed as untimely under the one-year limitation period imposed by 28 U.S.C. § 2255(f). Barrett failed to do so within the time allotted, and his petition was denied. *See* Ruling on Mot. to Set Aside or Correct Sentence (doc. # 9). Barrett has filed a motion for reconsideration (doc. # 12), accompanied by a statement of reasons why his petition should not be dismissed as time-barred. As explained more fully below, the motion for reconsideration (doc. # 12) is GRANTED, but upon further review, his petition (doc. # 1) must still be DENIED.

**I.**    **Background**

On September 25, 2007, Barrett pled guilty, pursuant to a written plea agreement, to Counts Nine and Ten of the Indictment in criminal case number 3:07-cr-10 (SRU), charging him with possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and possession of a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c). Under the terms of the plea agreement, Barrett agreed "not to appeal or collaterally attack in any proceeding, including but not limited to

a motion under 28 U.S.C. §§ 2255 and/or 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 387 months' imprisonment . . . ." Plea Agreement ¶ 5 (3:07-cr-10 (SRU), doc. # 111).[1]

On September 30, 2008, this court sentenced Barrett to a total term of one hundred and fifty months' imprisonment,[2] and judgment entered that same day. Barrett did not file an appeal.

On January 21, 2011, Barrett, acting *pro se*, filed what he stylized as a "Petition for Writ of Coram Nobis" (3:07-cr-10 (SRU), doc. # 237).[3] The court took the petition under advisement, and directed Barrett to inform the court whether he intended to have his *coram nobis* petition treated as a *habeas* petition under section 2255. *See* Ruling on Pet. For Writ of Coram Nobis (3:07-cr-10 (SRU), doc. # 233). Barrett did so by motion on June 30, 2011, which the court granted on July 5, 2011 (3:07-cr-10 (SRU), doc. # 235). A civil file was opened that same day.

Read favorably, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . [and] must be held to less stringent standards than formal

---

[1] Because Barrett's sentence did not, in fact, exceed 387 months of imprisonment, and because Barrett explicitly states in his *habeas* petition that he "does not challenges [sic] the validity of his guilty plea," Petition at 1 (doc. # 1), it appears that Barrett has voluntarily waived his right to bring a section 2255 action to challenge his sentence. *See Garcia-Santos v. United States*, 273 F.3d 506, 509 (2d Cir. 2011) (enforcing waiver of right to collaterally attack conviction under section 2255, and holding that such a "waiver applies to grounds that arise after, as well as before, he made the waiver"). Although Barrett's petition could be denied on that ground alone, I need not reach the issue because, as explained below, his petition is otherwise time-barred.

[2] Specifically, Barrett was sentenced to a term of ninety months on Count Nine, and sixty months on Count Ten, to run consecutively. *See* Judgment (3:07-cr-10 (SRU), doc. # 204).

[3] The writ of *coram nobis* "is an 'extraordinary remedy' authorized under the All Writs Act, 28 U.S.C. § 1651(a), generally sought to review a criminal conviction where a motion under 28 U.S.C. § 2255 is unavailable because petitioner is no longer serving a sentence." *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005). Here, Barrett was in federal custody when he filed his petition, and therefore could not seek *coram nobis* relief. *See Ortiz v. New York*, 75 F. App'x 14, 17 (2d Cir. 2003) (stating that a petitioner may not pursue a writ of *coram nobis* while

pleadings drafted by lawyers.") (internal quotations omitted), Barrett's petition raises two grounds for relief, both predicated on principles articulated in *United States v. Savage*, 542 F.3d 959 (2d Cir. 2008), a decision rendered twelve days before Barrett was sentenced in this case. First, Barrett argues that the court erred in classifying him as a career offender under U.S.S.G. § 4B1.1, because his prior convictions for sale of narcotics under Conn. Gen. Stat. § 21a–277(a)—convictions that, according to the petitioner, were obtained via *Alford* pleas—did not categorically qualify as predicate offenses. *See Savage*, 542 F.3d at 965-67 (holding that *Alford* plea to offense of sale of narcotics under Conn. Gen. Stat. § 21a-277 is insufficient, without appropriate proof, to establish that defendant was convicted of a prior "controlled substance offense" as the term is defined by the Sentencing Guidelines). Second, Barrett contends that his counsel's failure to object to the use of those prior convictions to enhance his guideline range under section 4B1.1 constituted ineffective assistance of counsel.

## II. Discussion

### A. Motion for Reconsideration

As an initial matter, Barrett asks that I reconsider my previous ruling denying his 2255 petition for failure to comply with the order to show cause. According to Barrett, several factors beyond his control—including lack of access to the prison law library due to "thickness of Fog," late posting of funds, and the cessation of institutional mail due to a federal holiday—prevented a timely response. *See* Mot. to Reconsider at 1 (doc. # 12).

Giving the petitioner the benefit of the doubt, as well as the benefit of the prison mailbox rule, *see Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001), I will grant the motion to reconsider (doc. # 12). I therefore turn to review Barrett's newly-proffered reasons for why his habeas

---

he remains in federal custody, but may file a *habeas* petition).

petition should not be dismissed as untimely.

B.  Timeliness of the Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on *habeas* petitions filed under section 2255. *See* 28 U.S.C. § 2255(f). Absent exceptional circumstances, that one-year limitations period begins to run from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). Where the petitioner did not file a direct appeal, the section 2255(f)(1) limitations period begins to run upon the expiration of the period for filing that appeal. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires.").

Here, Barrett was sentenced on September 30, 2008, and did not file an appeal. Thus, the limitations period began to run on October 10, 2008, and expired on October 10, 2009. Barrett did not file his 2255 petition until—at the very earliest—January 21, 2011, the date on which Barrett filed his procedurally-defective *coram nobis* petition. Thus, it appears that Barrett's petition came far too late.

Section 2255(f), however, is subject to equitable tolling in appropriate cases. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001). "To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." *Id.* (internal quotation omitted). Such extraordinary circumstances have been found to exist where, *inter alia*, a prisoner's *habeas* petition was intentionally confiscated shortly before the filing deadline, *see Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000), a state court failed to inform a prisoner that his petition for leave to appeal was denied,

*see Diaz v. Kelly*, 515 F.3d 149, 154-55 (2d Cir. 2008), or when an attorney failed to file a *habeas* petition on behalf of a prisoner, despite explicit directions to do so, *see Baldavaque v. United States*, 338 F.3d 145, 150-53 (2d Cir. 2003). As explained below, however, the circumstances of this case do not rise to the level of "rare and exceptional circumstances" that would otherwise merit equitable tolling of the limitations period. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (internal quotation marks omitted).

Barrett contends that equitable tolling is warranted here because (1) he only has a tenth-grade education and struggles with reading comprehension; (2) he suffers from an unspecified mental health condition; and (3) his attorney failed to inform him of his right to file a *habeas* petition until June 29, 2010.[4] I address each claim in turn.

First, the petitioner's lack of education, in itself, is insufficient to invoke the equitable tolling doctrine. *See Lizaide v. Kirkpatrick*, No. 09-cv-5038 (CBA), 2009 WL 4110296, at *2 (E.D.N.Y. Nov. 24, 2009) ("Ignorance of the law and lack of education are not sufficient grounds to warrant equitable tolling.") (citing *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000)); *see also Romero v. Ercole*, No. 08-cv-4983 (RRM), 2009 WL 1181260, at *3 (E.D.N.Y. Apr. 30, 2009) (rejecting equitable tolling based on petitioner's lack of English language proficiency).

Second, Barrett's vague references to "mental health illness" are also inadequate to excuse his untimely filing. Generally speaking, equitable tolling may be appropriate "where a plaintiff's medical condition or mental impairment prevented [him] from proceeding in a timely

---

[4] Barrett admits that he was made aware of his *habeas* rights as of June 29, 2010. *See* Pet'r's Mot. at 3 (doc. # 11). Moreover, attached to Barrett's original petition is a copy of a letter from his court-appointed attorney, Bruce D. Koffsky, dated June 29, 2010, in which Attorney Koffsky explicitly informed Barrett of his right to pursue *habeas* relief under 28 U.S.C. § 2255. *See* Letter from Bruce D. Koffsky, attached as Ex. A to Petition (doc. # 1).

fashion." *Zerilli–Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). However, "the mere fact that a habeas petitioner 'suffered with physical and mental ailments during the one-year period is insufficient to toll the one-year time period; [the petitioner] must show that these medical problems rendered him unable to pursue his legal rights during the relevant time period.'" *Williams v. Breslin*, No. 03-cv-1848 (RWS), 2004 WL 2368011, at *9 (S.D.N.Y. Oct. 20, 2004) (quoting *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 169-70 (S.D.N.Y. 2000)); *see also Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) (holding that equitable tolling due to mental illness may be warranted if *habeas* petitioner demonstrated that his illness "constituted an 'extraordinary circumstance' severely impairing h[is] ability to comply with the filing deadline, despite h[is] diligent efforts to do so"). Because Barrett has failed to provide any objective evidence or explanation regarding how his mental condition was causally connected to his failure to timely file the petition, his alleged mental disability does not provide a basis for equitable tolling.

Lastly, Barrett's arguments concerning his attorney's alleged failure to inform him of his right to file a petition under section 2255 similarly fall short. Even assuming, *arguendo*, that Barrett's counsel initially neglected to advise him of his *habeas* rights, and assuming further that such a failure amounts to the "extraordinary circumstances" that equitable tolling requires, Barrett offers no explanation for why, after his counsel informed him in writing of his right to pursue *habeas* relief on June 29, 2010, he waited until January 21, 2011—a period of almost seven months—before filing his initial *pro se* petition.[5]

As the Second Circuit has made clear, even if extraordinary circumstances exist, "the link

---

[5] As previously explained, Barrett's procedurally-defective *coram nobis* petition was later converted to a *habeas* petition, and a civil file was opened on July 5, 2011.

of causation between the extraordinary circumstances and the failure to file is broken" if the person seeking equitable tolling has not exercised reasonable diligence. *Hizbullahankhamon*, 255 F.3d at 75 (quoting *Valverde*, 224 F.3d at 134). Moreover, in assessing diligence, the court "examines the petitioner's diligence not only during the time he seeks to have equitably tolled but also during the time up to and including the date of filing." *Adkins v. Warden*, 585 F. Supp. 2d 286, 300 (D. Conn. 2008).

Here, Barrett's inordinate delay in filing his petition—nearly seven months after his attorney explicitly informed him of his right to do so—precludes any finding of reasonable diligence.[6] *See Belot v. Burge*, 490 F.3d 201, 207-08 (2d Cir. 2007) (affirming district court's conclusion that petitioner was not entitled to equitable tolling because he "ought reasonably to have begun his preparation earlier and filed an unpolished—but timely—petition rather than wait to file his more polished petition until the week that the deadline expired") (internal quotation marks and alterations omitted); *cf. Diaz v. Kelly*, 515 F.3d 149, 154-55 (2d Cir. 2008) (concluding that petitioner exercised reasonable diligence because, after he became aware that the circumstances preventing his filing had been removed, "he promptly filed his federal habeas corpus petition *the next day*") (emphasis added). Accordingly, Barrett has failed to demonstrate that his case warrants equitable tolling of the AEDPA's one-year statute of limitations, and his petition must be denied as time-barred.[7]

---

[6] Because I conclude that Barrett failed to exercise reasonable diligence based on his own admissions, an evidentiary hearing is unnecessary. *See, e.g.*, *Rivera v. United States*, 448 F. App'x 145, 147 (2d Cir. 2011) ("Because an evidentiary hearing was not necessary to determine that [petitioner] was ineligible for equitable tolling, it was not an abuse of discretion for the court to forgo one.").

[7] Barrett also attempts to avoid dismissal of his petition by arguing that he is "actually innocent" of the career offender sentencing enhancement. *See* Pet'r's Mot. at 3-5 (doc. # 11). Barrett, however, misconstrues the very narrow actual innocence exception, which the Supreme

**III.    Conclusion**

In sum, the petitioner's motion for reconsideration (doc. # 12) is GRANTED, but the requested relief is DENIED.  All other pending motions (docs. # 11 and # 17) are denied as moot.

It is so ordered.

Dated at Bridgeport, Connecticut, this 20th day of August 2013.

    /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

Court has made clear "is concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).  Here, Barrett makes the purely *legal* argument that he is "innocent" of the sentencing enhancement because his counsel rendered ineffective assistance by failing to challenge his prior narcotics convictions on *Savage* grounds.  But that is clearly insufficient; the actual innocence exception simply "does not apply where the petitioner 'merely makes [a] legal argument.'" *Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013) (quoting *Poindexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003)).  In any event, Barrett's argument under *Savage* fails on the merits because his sentence was not based on the Career Offender provision of the Guidelines.